**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United Financial Casualty Company,

Plaintiff,

vs.

Mark Moore, *et al.*,

Defendants.

Case No. 2:26-cv-01759-RFB-MDC

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AND FOR ALTERNATIVE SERVICE (ECF NO. 29)**

Plaintiff filed a *Motion To Extend Time for Service and for Alternative Service* ("Motion") (ECF No. 29). Plaintiff requests to serve Kimberly McCullough ("McCullough") by U.S. certified mail to 6248 Baywood Court, Lakewood Ranch, Florida, 34211 ("Florida Residential Address") pursuant to NRS § 14.090(1)(b). *ECF No. 29*. Further, it seeks to serve Elite Appliance Installs, LLC ("Elite") by serving the Nevada Secretary of State pursuant to Nevada Rule of Civil Procedure ("Nevada Rule") 4.2(c)(A)-(C). *Id.* It also requests for an extension of time to serve McCullough and Elite. *Id.* The Court **GRANTS** the Motion for the reasons below.

## I. BACKGROUND

This is a case arising from a dispute over insurance policy coverage. *See ECF No. 1*. Plaintiff filed this Motion following various attempts to locate and serve McCullough and Elite. *See ECF No. 29*.

## II. DISCUSSION

### A. Service Regarding McCullough

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule of Civil Procedure ("Federal Rule") 4. Federal Rule 4(e)(1) provides that an individual

within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The Nevada Rules of Civil Procedure ("Nevada Rule") govern personal service to an individual and relevantly state:

> **Rule 4.2. Service Within Nevada**
> (a) **Serving an Individual.** Unless otherwise provided by these rules, service may be made on an individual:
> (1) by delivering a copy of the summons and complaint to the individual personally;
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.
> . . . .
> **Rule 4.3. Service Outside Nevada**
> (a) **Service Outside Nevada but Within the United States.**
> (1) **Serving Individuals.** A party may serve process outside Nevada, but within the United States, in the same manner as provided in Rule 4.2(a) for serving such a defendant within Nevada, or as prescribed by the law of the place where the defendant is served.

Nev. R. Civ. P. 4.2, 4.3. Nevada Rule 4.4 further governs methods of alternative service. It provides that "If a statute provides for service, the summons and complaint may be served under the circumstances and in the manner prescribed by the statute." Nev. R. Civ. P. 4.4(a).

Plaintiff attempted to personally serve McCullough at the Florida Residential Address and states that it is her current residence. *ECF No. 29*. However, plaintiff was not successful as entry into the community where the residence is located is gated and there is no guard at the gate. Thus, plaintiff seeks to serve McCullough by U.S. certified mail to the Florida Residential Address pursuant to NRS § 14.090(1)(b), which addresses these circumstances when stating:

> 1. A person who resides at a location to which access is not reasonably available except through a gate may be lawfully served with any legal process in the manner provided in this section. If there is:
>
> . . . .
>
> (b) No guard posted at the gate and entry through the gate is not reasonably available, the court may, if it is satisfied that those facts are true, allow service of process by mailing a copy thereof to the residence by certified or registered mail.

*Id.*

Plaintiff attaches affidavits showing that the Florida Residential Address is within a locked gated community with no guards, and that several personal service attempts have been unsuccessful at that address. *ECF Nos. 29-2* at 8, *29-3* at 5-6, *29-4* at 3. Moreover, plaintiff conducted multiple skip trace searches which identified the Florida Residential Address as McCullough's most recent address. *ECF No. 29-5*. Given the foregoing, certified mail service to McCullough at the Florida Residential Address is proper. Therefore, the Court grants plaintiff leave to effectuate service to McCullough pursuant to NRS § 14.090(1)(b) and Nevada Rule 4.4(a).

**B. Service Regarding Elite**

Elite conducts business in Nevada and has a registered agent in Nevada. *See ECF Nos. 29*, *29-4*. The Federal Rules state that a corporation normally must be served either (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant," or (2) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1), 4(e)(1). The Nevada Rules similarly state:

> (c) Serving Entities and Associations.
>
> (1) Entities and Associations in Nevada.
>
> (A) An entity or association that is formed under the laws of this state, is registered to do business in this state, or has appointed a

registered agent in this state, may be served by delivering a copy of the summons and complaint to:

(i) the registered agent of the entity or association;

(ii) any officer or director of a corporation;

(iii) any partner of a general partnership;

(iv) any general partner of a limited partnership;

(v) any member of a member-managed limited-liability company;

(vi) any manager of a manager-managed limited-liability company;

(vii) any trustee of a business trust;

(viii) any officer or director of a miscellaneous organization mentioned in NRS Chapter 81;

(ix) any managing or general agent of any entity or association; or

(x) any other agent authorized by appointment or by law to receive service of process.

(B) If an agent is one authorized by statute and the statute so requires, a copy of the summons and complaint must also be mailed to the defendant entity or association at its last-known address.

(2) **Other Foreign Entities and Associations.** A foreign entity or association that cannot be served under Rule 4.2(c)(1) may be served by delivering a copy of the summons and complaint to any officer, director, partner, member, manager, trustee, or agent identified in Rule 4.2(c)(1) that is located within this state.

Nev. R. Civ. P. 4.2(c)(1), (2).

If service cannot be accomplished through Nevada Rule 4.2(c)(1) or (2), the plaintiff may seek leave of court to serve the Nevada Secretary of State to effectuate service on the entity. *See* Nev. R. Civ. P. 4.2(c)(3)(A)-(C). The plaintiff must file an affidavit that: (1) demonstrates the good faith attempts to locate and serve the entity; (2) explains why service was not accomplished; and (3) provides the last known address of the entity or any person who may be served on behalf of the entity. Nev. R. Civ. P. 4.2(c)(3)(A). If the Court approves the motion for leave to serve the Secretary of State, a copy of the summons and complaint must be delivered to the Nevada Secretary of State and a copy must be posed in the office of the clerk of court in which the action is brought or pending. Nev. R. Civ. P. 4.2(c)(3)(B). The plaintiff must also mail a copy of the summons and complaint to each person listed in Nevada Rule

4.2(c)(1) for which it has a last-known address by registered or certified mail. The court may order additional notice to be sent if the plaintiff has other contact information. Nev. R. Civ. P. 4.2(c)(3)(C).

The Motion and plaintiff's counsel's attached sworn declaration indicate that Elite conducts business in Nevada through McCullough and that plaintiff conducted multiple skip trace searches to serve Elite through McCullough because she is Elite's registered agent in Nevada. *See ECF Nos. 29*, *29-4*. Plaintiff's counsel also provides McCullough's last known address and email that she communicated with plaintiff. *Id.* Plaintiff's counsel made her declaration under penalty of perjury and pursuant to Nevada Rule 4.2(c)(3)(A). *See ECF No. 29* at 8; *ECF No. 29-4*.

Plaintiff argues that service to the Nevada Secretary of State is therefore proper pursuant to Nevada Rule of Civil Procedure ("Nevada Rule") 4.2(c)(A)-(C). Given the foregoing, it demonstrates that service cannot be accomplished through Nevada Rule 4.2(c)(1) or (2) given that its extensive efforts to serve Elite so far have failed. Plaintiff also provides the last-known address and contact information of McCullough, a registered agent who can accept service on behalf of Elite. *See* Nev. R. Civ. P. 4.2(c)(3)(B). Therefore, the Court will permit plaintiff to serve Elite by serving the Nevada Secretary of State under Nevada Rule of Civil Procedure 4.2(c)(3)(A)-(C). Plaintiff shall also email the summons and complaint to McCullough and ensure that such documents are delivered to her last known residence by registered or certified mail. *See* Nev. R. Civ. P. 4.2(c)(3)(C).

**D. Extension Of Time For Service**

Plaintiff timely requests for a 60-day extension from the current service deadline of September 8, 2026 to serve unserved defendants. *ECF No. 29*. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that plaintiff has shown good cause for an extension of time. As stated above, plaintiff conducted multiple skip trace searches and attempted service to unserved defendants

several times. The Court grants plaintiff's request for an extension of time to serve unserved defendants. Plaintiff will have until **November 9, 2026** to properly file proofs of service regarding unserved defendants.

**III. CONCLUSION AND ORDER**

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion To Extend Time for Service and for Alternative Service* (ECF No. 29) is **GRANTED**.
2. Plaintiff shall serve defendant Kimberly McCullough pursuant to NRS § 14.090(1)(b) and has leave to serve the summons and complaint to McCullough by U.S. certified mail at 6248 Baywood Court, Lakewood Ranch, Florida, 34211.
3. Plaintiff shall serve defendant Elite Appliance Installs, LLC via the Nevada Secretary of State and pursuant to Nevada Rule 4.2(c)(3)(A)-(C). Specifically, plaintiff shall:
   a. Deliver a copy of the summons and complaint of this case to the Nevada Secretary of State
   b. Post a copy of the summons and amended complaint in the office of the Clerk of Court for the United States District Court for the District of Nevada
   c. Ensure that a copy of the summons and complaint are sent to Kimberly McCullough by registered or certified mail to 6248 Baywood Court, Lakewood Ranch, Florida, 34211, her last known address.
4. Plaintiff shall also send a copy of the summons and complaint to the email address that plaintiff associated with Kimberly McCullough.

5. Plaintiff must file proofs of service regarding Kimberly McCullough and Elite Appliance Installs, LLC by **November 9, 2026**.

DATED: October 16, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.